Parker, C. J.,
delivered the opinion of the Court. The question submitted to us by the statement of facts agreed by the parties in this case is, whether the vessel mentioned therein, at the time when the penalty is supposed to have been incurred, should be considered a coasting vessel, within the meaning of the terms used in the exception in the section of the statute giving the penalty. All vessels drawing nine feet of water, or more, are within the express provisions of the statute, except coasters and fishing vessels. The vessel in this case was registered, but was bound from the port of Boston to Alexandria, from whence she was destined to, and actually went upon, a foreign voyage.
By the laws of the United States, a vessel enrolled and licensed is considered as a coaster, and under that character may sail from any port or district within the United States, to any other port or district within the same; and although registered, so that she may proceed from the United States to a foreign port or place, yet she has the privileges of á coasting vessel, while engaged in trade from district to district, as is provided by the law of the United States, passed February 18, 1793, subject only to a tonnage duty. A registered vessel may, therefore, be a coasting vessel, * and as such is fairly within the exception in the statute of the commonwealth, upon which this action is founded.
The broader ground, taken by the counsel for the defendant, that under the last-mentioned statute, every master of a vessel may pilot his own vessel, and that the object of the statute is only to regulate the pilotage of such vessels as may choose to take a pilot, we cannot accede to. The legislature did not mean to give an option to masters of vessels, to take a pilot or not, as they might see fit, except in the case provided for in the eighth section of the statute, in which the right is given to the master of a vessel coming from a foreign port, upon the terms therein expressed.
The second section of the act provides that no person shall undertake to pilot any vessel, coasting and fishing vessels excepted, into or out of the harbor of Boston, &c., and by the fourth section the branch pilot is authorized and directed to take possession of any vessel, &c., and pilot her; first showing the master his branch, &c. The privilege given to the master of a vessel coming from a foreign port to refuse the pilot, upon paying half the fees, if boarded without the lighthouse, and to pilot his vessel in himself without *24 paying any fees, if he shall have passed the lighthouse, cannot be construed to give any vessel bound out, excepting coasting and fishing vessels, the privilege of sailing without a pilot. At least, this seems to us at present to be the true construction of the act. But as it is not necessary to decide this point, in order to settle the action before us, we withhold a definitive opinion upon it.

Plaintiff nonsuit