JACOB B. CHASE *vs.* PHILADELPHIA & READING RAILROAD COMPANY & others.

Essex. Nov. 9, 1882. — Sept. 6, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

A vessel, regularly documented and sailing under a coasting license, and engaged in transporting coal from the depot of the charterer in one port to his depot in another port, for sale at the latter port in the regular course of his business, and which has been engaged continuously for several years in carrying coal for him and others between various ports along the coast of the United States, is "regularly employed in the coasting trade," within the Pub. Sts. *c.* 70, § 32, and exempt from compulsory pilotage.

CONTRACT, against the owners of a vessel, for pilotage. Trial in the Superior Court, before *Rockwell*, J., who reported the case for the determination of this court, in substance as follows:

The plaintiff was a duly licensed and commissioned United States and state pilot for the harbor of Newburyport. On

March 31, 1882, the steamship Achilles came into Ipswich Bay, and within a marine league of the shore, bound for Newburyport, which was her port of destination. The plaintiff boarded her first, and tendered his services to pilot her into Newburyport; but the master of the steamship refused the plaintiff's services, on the ground that he had been ordered not to recognize the old pilots.

The Achilles was owned by the Philadelphia and Reading Railroad Company, one of the defendants, but had been chartered for that voyage by the Philadelphia and Reading Coal and Iron Company, to transport a cargo of coal from its depot in Philadelphia to its depot in Newburyport, for sale at Newburyport in the regular course of its business, which was the selling of coal at Philadelphia, Newburyport, and other ports on the coast; and the steamship was not engaged in any other business whatever on that voyage. She was regularly and properly documented with bills of lading signed and delivered, and was a vessel of the United States, not sailing under a register, but under a coasting license, and had been continuously, for about seven years, employed in carrying coal for various persons from Philadelphia to New York, Boston, Newburyport, and other ports along the coast of the United States, chiefly, however, in carrying coal of the Philadelphia and Reading Coal and Iron Company from its depot in Philadelphia to various depots of that company, as in the present voyage.

The master of the Achilles was licensed as a United States pilot by the local inspectors of steamboats for the district of Philadelphia; and there was no other pilot on board, either licensed by state or United States authority.

It was not admitted that the vessel was regularly employed in the coasting trade, unless the above facts showed that, as matter of law, she was a vessel so employed.

It was admitted that the plaintiff informed the master of the Achilles that she would be held to pay the regular fees for pilotage, whether his services were accepted or not.

It was not contended that the steamship was exempt from the payment of compulsory pilotage under the laws of this Commonwealth, unless she was regularly employed in the coasting trade.

Upon these facts, the judge ruled that the plaintiff could not maintain this action; and directed the jury to return a verdict for the defendants. If the ruling was correct, the verdict was to stand; otherwise, the verdict to be set aside, and a new trial ordered.

*H. I. Bartlett*, for the plaintiff.

*D. L. Withington*, for the defendants.

W. ALLEN, J. The Pub. Sts. *c.* 70, § 32, provide that "all vessels regularly employed in the coasting trade . . . . shall be exempt from the compulsory payment of pilotage." Upon the facts stated in the report, the Achilles was a vessel regularly employed in the coasting trade, within the meaning of the statute. See U. S. St. of February 28, 1871; U. S. Rev. Sts. § 4444; *Wilson* v. *Gray*, 127 Mass. 98; *Tilley* v. *Farrow*, 14 Mass. 17.

As this is decisive of the case, it is unnecessary to consider the other questions argued.              *Judgment on the verdict.*